IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ETHICAL SOLUTIONS, LLC, *et al.* | ) CASE NO.: 5:15CV2720 ) ) JUDGE SARA LIOI |
| Plaintiff-Relators, | ) ) |
| v. | ) MAGISTRATE JUDGE HENDERSON ) |
| AKRON GENERAL HEALTH SYSTEM, *et al.* | ) [PROPOSED] ORDER ) ) |
| Defendants. | ) |

WHEREAS the United States of America (the "United States") has intervened in part in this action with regard to the allegations asserted against Akron General Health System ("AGHS") for the purpose of effectuating a settlement agreement between the United States, the Relators, and AGHS; and

WHEREAS the United States and the Relators have filed a joint stipulation of partial dismissal in part with regard to the allegations against AGHS;

IT IS HEREBY ORDERED as follows:

1.      Consistent with the terms of the Settlement Agreement, the claims asserted by the Relators on behalf of the United States, against AGHS that are based on the Covered Conduct as defined in Recitals, Paragraph E of the Settlement Agreement as dismissed with prejudice. Paragraph E, Recitals of the Settlement Agreement specifically provides as follows:

> E. The United States contends that it has certain civil claims against AGHS arising from improper payments made to physicians who were part of certain practice groups at Akron General Medical Center and physicians affiliated with an acute care hospital that is part of AGHS. Specifically, the United States contends that, between August 1, 2010 and March 30, 2016, AGHS (1) knowingly submitted claims for payment to Medicare pursuant to referrals that violated the AKS because AGHS knowingly and willfully provided improper remuneration to the referring

physicians in the form of compensation in excess of fair market value to induce the physicians' referrals of Medicare patients to AGHS in violation of the AKS, and for which AGHS submitted claims to the Medicare Program; and (2) knowingly submitted claims for designated health services to the Medicare Program that violated, and failed to meet any exception to, the Stark Law because AGHS directly or indirectly paid compensation to certain physicians that exceeded the fair market value of their services and/or took into account the volume or value of the physicians' referrals to AGHS.  The physician practice groups and specific dates during which the United States alleges AGHS submitted these claims are set forth in the letter dated June 30, 2021 from Chris Wilson to counsel for AGHS.

2. All other claims asserted by the Relators on behalf of the United States in which the United States declined to intervene are dismissed with prejudice to the Relators and without prejudice to the United States.

3. Relator Beverly Brouse's claim under 31 U.S.C. § 3730(h) is dismissed with prejudice.

4. All claims asserted by the Relators regarding attorney's fees, costs, and expenses under 31 U.S.C. § 3730(d) are dismissed with prejudice.

IT IS SO ORDERED, this _____day of _____, 2021.

SARA LIOI
UNITED STATES DISTRICT JUDGE